IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIMA ALI,<br><br>        Plaintiff,<br><br>vs.<br><br>NCC, et al.,<br><br>        Defendants. | 1:08-cv-00683-AWI-SMS<br><br>**ORDER TO PLAINTIFF TO APPEAR IN COURT AND SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION AND FAILURE TO FOLLOW AN ORDER OF THE COURT**<br><br>Date:    August 22, 2008<br>Time:    9:30 a.m.<br>Judge:   Magistrate Judge<br>           Sandra M. Snyder<br>Courtoom:7<br><br>Deadline to file any written explanation: August 15, 2008 |

Plaintiff is proceeding pro se with a civil action. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

On May 15, 2008, the Court scheduled a scheduling conference in this action to proceed on June 24, 2008, at 9:30 a.m. with the undersigned Magistrate Judge. The Court's order was served on May 15, 2008, by mail on Plaintiff at the address listed for Plaintiff on the Court's docket. Plaintiff did not submit a settlement conference statement as directed by the Court in the scheduling order. (Order of May 15, 2008, at pp. 3-4.) Plaintiff did not seek

a continuance of the settlement conference. The Court's scheduling order expressly warned that a failure to comply with the order could result in an ex part hearing; judgment of dismissal, default, or other appropriate judgment; and sanctions, including contempt of Court. (Order at p. 4.)

A review of the docket reflects that Plaintiff named three Defendants in the complaint; however, only one Defendant, NCO Portfolio Management, has appeared in the action, and that Defendant filed a notice of settlement as to it only on June 16, 2006. No proof of service of the summons and complaint on any other Defendant has been filed.

Plaintiff IS INFORMED that Local Rule 11-110 provides that a failure of counsel or of a party to comply with the Local Rules or with any order of the Court may be grounds of imposition by the Court of any and all sanctions authorized by statute, rule, or within the inherent power of the Court.

A Court may impose monetary sanctions, payable to the Court, in the nature of a fine pursuant to the Court's inherent powers where the Court finds that the offending conduct was undertaken in bad faith. <u>Zambrano v. City of Tustin</u>, 885 F.2d 1473, 1478 (9th Cir. 1989). Monetary sanctions may be imposed for violation of a local rule upon a finding of conduct amounting to recklessness, gross negligence, or repeated unintentional flouting of court rules. <u>Id.</u> at 1480. Sanctions should not be imposed without giving notice and an opportunity to be heard. <u>Miranda v. Southern Pacific Transp. Co.</u>, 710 F.2d 516, 522-23 (9th Cir. 1983).

It further appears that Plaintiff has not diligently prosecuted this case, and the Court possesses the discretionary

authority to dismiss an action based on Plaintiffs' failure to prosecute diligently. Fed. R. Civ. P. 41(b); Schwarzer, Tashima & Wagstaffe, <u>Fed. Civ. Proc. Before Trial</u> ¶ 16:431 (1997). Unreasonable delay by Plaintiff is sufficient to justify dismissal, even in the absence of actual prejudice to the defendant, <u>Moore v. Telfon Communications Corp.</u>, 589 F.2d 959, 967-68 (9th Cir. 1978), since a presumption of injury arises from the occurrence of unreasonable delay. <u>Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc.</u>, 587 F.2d 27, 29 (9th Cir. 1978). Plaintiffs then have the burden of showing justification for the delay and, in the absence of such showing, the case is properly dismissed for failure to prosecute. <u>Nealey v. Transportation Maritima Mexicana, S.A.</u>, 662 F.2d 1275 (9th Cir. 1980).

**Plaintiff is expressly warned that a failure to comply with this order will result in dismissal of this action.**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff APPEAR AND SHOW CAUSE on August 22, 2008, at 9:30 a.m. why the action should not be dismissed for failure to prosecute and failure to follow an order of the Court; and

2. If Plaintiff has any reasons why this action should not be dismissed, Plaintiff shall submit them by sworn declaration of facts, on or before August 15, 2008, to which Plaintiff may append a supporting memorandum of law, to include:

    (A) an explanation of the lack of activity in this case;

////
/////
//////
///////

3

1     (B) a list of each specific step Plaintiff plans to take
2 to prepare this case for trial; and,
3     (C) an explanation for Plaintiff's failure to appear at
4 the scheduling conference.
5 IT IS SO ORDERED.
6 **Dated:   June 24, 2008**                        /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE

4